IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN STIGILE, | § | |
| | § | |
| Defendant Below, | § | No. 349, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 2205013206 (N) and |
| | § | 2001020200 (N) |
| Appellee. | § | |
| | § | |

Submitted: October 27, 2022
Decided: December 2, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    On September 20, 2022, the appellant, Brian Stigile, filed a notice of appeal from the Superior Court's imposition of sentence on July 28, 2022. Stigile pleaded guilty immediately before sentencing. A timely notice of appeal should have been filed on or before August 29, 2022.[1] The Chief Deputy Clerk issued a

---

[1] Del. Supr. Ct. R. 6(a)(iii) (providing that notice of appeal must be filed within thirty days after the sentence is imposed); Del. Supr. Ct. R. 11(a) (providing that if the last day of the time period prescribed by the Rules falls on the weekend or a holiday then the time period runs until the end of the next day the Clerk's office is open).

notice directing Stigile to show cause why this appeal should not be dismissed as untimely filed.

(2) In his response to the notice to show cause, Stigile attributes the untimely appeal to his quarantine for COVID-19 after sentencing, delays in his law library access, and requesting an extension to file his appeal from the wrong court. At the Court's request, Stigile's trial counsel and the State responded to Stigile's contentions.

(3) Stigile's trial counsel stated that he met with Stigile on July 27, 2022, via Zoom, to complete the guilty plea paperwork. During this meeting, trial counsel advised Stigile that he needed to notify trial counsel's office within thirty days of sentencing if he wished to appeal. Stigile pleaded guilty the next day and was immediately sentenced. Stigile never contacted his trial counsel about filing an appeal. The State contends that the appeal must be dismissed.

(4) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(5)     Stigile has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.[6]  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.  The motions are denied as moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *See, e.g., Parker v. State*, 2021 WL 4495821, at *1 (Del. Sept. 30, 2021) (dismissing untimely appeal where the inmate claimed his appeal was late because he lacked education regarding the law and COVID-19 restrictions interfered with his access to the prison law library); *Young v. State*, 2018 WL 6118713, at *1 (Del. Nov. 20, 2018) (dismissing appeal of inmate as untimely where there was a prison lockdown, limits on law library access, and the inmate's trial counsel advised that he did not ask her about filing an appeal).

3